IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | 8:04CR64 |
| Plaintiff, ) | |
| ) | |
| vs. ) | ORDER |
| ) | |
| RUSSELL FRAUENDORFER, ) | |
| ) | |
| Defendant. ) | |

This matter is before the court on the defendant's Motion to Correct Clerical Error in Judgment. Filing No. 127. In the judgment, defendant was ordered to pay $4,712.00 in restitution to the Bank of Leigh, Nebraska. Filing No. 56. That amount represents the amount taken in the in the robbery for which the defendant was convicted. The defendant contends that the court erred and that the amount of restitution should be $4,217.00, rather than $4,712.00, attributing it to a clerical error or transposition of numerals.

In support of his motion, the defendant submits the trial testimony of bank-teller Linda Luedtke, who testified to the amount of $4,217.00 and faxed correspondence from the Bank of Leigh, with a copy of an adding machine with calculations. Filing No. 127, Motion, Attachment A, Trial Transcript at 138-39; Attachment D-1, Correspondence; Attachment D-2, Calculation. The correspondence is directed to Investigator Ternus #30 and states: "$550.00 out was subtracted as $55.00 - Rose's drawer." *Id.*, Attachment D-1. The adding machine tape is dated May 30, 2003 (the date of the robbery), and shows a $55.00 entry. *Id.*, Attachment D-2. On the bottom of Attachment D-2, "1739.00 + 2478.00" is written. *Id.* Those numbers add up to $4,217.00. However when $495.00 is added to that figure (representing the $550.00 erroneously omitted from the calculation less the $55.00 that was entered in the calculation), the result is $4,712.00.

The criminal complaint filed in this action charged Frauendorfer with taking $4,712.00 from the Bank of Leigh. Filing No. 1. An affidavit attached to that pleading states that an audit of the bank indicated that $4,712.00 had been taken in the robbery. *Id.* at 2. The Presentence Investigation Report ("PSR") also indicates that $4,712.00 was taken. Filing No. 55, PSR at 5. Frauendorfer did not object to that finding in the PSR. At the sentencing hearing in this case, the parties agreed that the amount of restitution was $4,712.00. There was an extended discussion of whether $800.00 in bait money that was recovered from a travel agency should be deducted from the amount. The defendant's counsel was directed to work out the restitution situation with the government and "if the travel agency is not entitled to the restitution, then I'll enter an order taking that money and then applying it toward the restitution." Filing No. 76, Transcript of Sentencing Proceedings at 999. No order was entered.

The court finds the defendant's submissions do not show that there has been a clerical error. Although Ms. Luedtke testified to the $4,217.00 figure, the materials submitted to the court show that the figure was later adjusted for an error of $495.00. The robbery occurred on May 30, 2003, and the correspondence concerning the mistake was dated June 2, 2003. Ms. Luedtke's testimony regarding the amount related to her actions on the day of the robbery. She testified:

> Q. After the robbery occurred did you attempt to determine how much money had been taken by the robbers during the bank robbery?
> A. Yes.
> Q. How did you go about doing that?
> A. We counted our drawers. We knew what cash we had in there the previous day and what was taken out with our transactions and came up with a total.
> Q. What was the total amount of cash? Was it all cash, first of all, that was given, currency?
> A. Yes.

> Q. What was the total amount that was taken?
> A. $4217.

Filing No. 71, Trial Transcript, Vol. I at 138-39. The adding machine tape dated May 30, 2003, that is the presumed basis for Ms. Luedtke's testimony includes the mistaken entry. Ms. Luedtke essentially testified that $4,217.00 was the amount of the loss she reported on the day of the robbery. There was no follow-up questioning regarding any later adjustments to that figure. Her testimony is not at odds with the evidence and admissions in the case showing that the amount of restitution should be $4,712.00. The parties and counsel agreed on the amount and the record shows that the restitution award was discussed at length at sentencing. Accordingly, the defendant's motion will be denied at this time. Once the defendant is released from incarceration and begins paying his restitution obligation, the defendant is free to apply to the court for a reduction based upon sufficient supporting evidence.

IT IS ORDERED that the defendant's Motion to Correct Clerical Error in Judgment (Filing No. 127) is denied without prejudice.

DATED this 17th day of May, 2010.

BY THE COURT:

s/ Joseph F. Bataillon
JOSEPH F. BATAILLON
United States District Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.