IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | 8:04CR64 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | MEMORANDUM AND ORDER |
| | ) | |
| RUSSELL J. FRAUENDORFER, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court on the defendant's motion for emergency interruption of sentence. Filing No. 140. Defendant is an armed criminal who robbed multiple banks at gunpoint. Defendant is incarcerated and is serving a 132-month sentence at the Federal Correctional Institution in Sandstone, Minnesota. Defendant requests that this court grant his motion to attend the funeral of his brother which would require defendant's release from Wednesday through Saturday, June 8 through 11, 2011. The court reviewed defendant's request and a supplement to the request; reviewed the records supplied to the court regarding defendant's educational training, volunteer work and accomplishments; and reviewed the possible constitutional, due process, equal protection and cruel and unusual punishment claims that could be asserted because of the prison's denial of his request to attend the funeral. Also, the government, at the court's request, filed an expedited response to the defendant's request. The court is initially concerned as to whether it has jurisdiction in the first instance to allow such a furlough.[1] The Minnesota District Court recently stated:

---

[1] The court is likewise concerned that there is no evidence in the record that the defendant ever submitted this request to the Bureau of Prisons for determination. This in and of itself is grounds for denying defendant's request to attend the funeral.

> The cases cited by Petitioner are not the only ones in which a federal prisoner has asked a federal court for a temporary release from prison. In other cases, the courts have given more careful consideration to the issue of whether such relief can be granted over the objections of the BOP. In each of those cases, the court expressed doubt about its authority to grant an "interruption of sentence," or else flatly rejected that proposition. See United States v. Stevens, No. 04–CR–111–C (W.D. Wis.2007), 2007 WL 5595912 at *1 ("[i]t is not clear to me that a court has authority to issue an order for interruption of sentence"); United States v. Reed, No. 01–CR–20062 (C.D.Ill. 2008), 2008 WL 4822045 at *2 ("[t]his court, at this time, without further guidance on the issue from the Seventh Circuit, agrees that it does not have jurisdiction to grant a temporary interruption of sentence and that that power remains exclusively with the Bureau of Prisons"); United States v. Greer, No. 03–CR–194 (E.D.Wis.2010), 2010 WL 3279335 at *1 (rejecting prisoner's request for an "interruption of sentence" under the All Writs Act so he could "attend the funeral of his uncle and comfort his family"). See also United States v. Watson, No. 2:07cr145-MHT (M.D.Ala. 2009), 2009 WL 1370915 at *1 (noting that "[n]o language in the statute [§ 3622(a)(2) ] grants district courts the authority to order or approve a furlough request"). These cases are more well-reasoned than the cases cited by Petitioner.

Bania v. Federal Bureau of Prisons, 2011 WL 882096, *4 (D. Minn. Feb. 24, 2011). This power has been granted to the Bureau of Prisons. 18 U.S.C. § 3622(a)(2).

However, the court notes that an inmate could plead a constitutional violation concerning the denial of the requested furlough. The court finds that defendant has not pleaded selective treatment based on any impermissible considerations. *See, e.g., Roman v. Donelli,* 347 Fed. Appx. 662 (2d Cir. 2009); *Lucero v. LeMaster,* 56 Fed. Appx. 915 (10th Cir. 2003); *Merritt v. Broglin,* 891 F.2d 169 (7th Cir. 1989) (discussing constitutional claims of due process, equal protection, and cruel and unusual punishment). After carefully reviewing the request, the court finds that, for the reasons stated herein, the motion should be denied.

IT IS ORDERED that defendant's motion for emergency interruption of sentence, Filing No. 140, is denied.

DATED this 7th day of June, 2011.

BY THE COURT:

s/ Joseph F. Bataillon
Chief District Court Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.